Ex parte BOSTWICK.

No. A-11240.   Oct. 26, 1949.

(211 P. 2d 290.)

Oliver N. Bostwick, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   This is an original action in habeas corpus brought by the petitioner, Oliver N. Bostwick, for the purpose of securing his release from confinement in the State Penitentiary.

The petitioner bases his right to discharge upon his allegation that at the time he entered his pleas of guilty in the district court of Okmulgee county, to five charges of forgery in the second degree there pending against him, he was of unsound mind and did not know the nature of the charges against him, and was mentally incapable of waiving any of his rights, or of entering his pleas of guilty which the record shows to have been done on January 15, 1947.

The petitioner in support of his petition made a showing that he had been discharged from the United States Army on March 9, 1945, for the reason that he was physically unfit for active service by reason of a nervous condition, and that he was classified as 30 per cent disabled from March 10, 1945, until July 5, 1948, at which time the disability rating was reduced to 10 per cent by reason of an improvement in the physical condition of petitioner.   The nervous disorder which secured a discharge for the petitioner from the United States Army was manifested by fainting and feelings of unreality.

The proof on the part of respondent disclosed that the petitioner was arrested in Okmulgee after having passed five different forged checks in Okmulgee county.

After his arrest, the sheriff's office of Okmulgee county received telegraphic communications from officers throughout Oklahoma and Texas, advising that the said Bostwick was wanted by them for similar crimes. He was specifically wanted at Vernon, Tex.; Waxahachie, Tex.; Hobart, Okla.; Seymour, Tex.; and Lexington, Mo.

Richard Hays, county attorney of Okmulgee county, swore that the petitioner, after learning that he was being sought at various places, sent for him to see what sentence he would recommend if the petitioner would enter pleas of guilty to the charges filed against him in Okmulgee; that he told the petitioner he would recommend a maximum sentence of seven years in each case, but would agree that the sentences could run concurrently; that he, the county attorney, talked with petitioner at that time at great length and petitioner told him that for over one and a half years, he had done no work except travel throughout the southwest cashing forged checks, but that his arrest in Okmulgee was the first time he had ever been caught; that petitioner made no statement to him that he had ever been in the United States Army or had ever been discharged from the army as a psychoneurotic patient; that nothing was said to him at all in the conversation at that time, or the next day in his office, or in his presence in the courtroom when the plea of guilty was entered, which would indicate in any manner that the petitioner was a psychoneurotic or that he did not fully understand the nature and consequences of his pleas of guilty to the charges filed against him; that the district court advised the petitioner of each and all of his rights, and offered to appoint counsel to

represent him in case of petitioner's inability to employ counsel, if such was the desire of the accused, but that petitioner stated he wanted to plead guilty and the court thereupon accepted his pleas of guilty and pronounced sentence against him in each case.

Petitioner remained in jail for four days after his arrest before the pleas of guilty were entered.

District Judge W. H. Blackbird was the trial judge who pronounced the sentence on petitioner's pleas of guilty. He swore that he advised the petitioner at length of all of his various rights under the statutes and Constitution of Oklahoma, including his right to trial by jury, of his right to be represented by counsel, and was further told by the court that if he was not financially able to employ counsel, then the court would appoint an attorney to represent him in said case; that the defendant stated in open court that he wanted to enter his pleas of guilty to the charges then pending against him, and that during the period of time he was before the court in which the court interrogated him concerning the commission of said crimes, the court observed nothing in his appearance, conduct and demeanor, which in any way would indicate to the court that the accused was of unsound mind, or did not fully appreciate and understand the nature of the charges filed against him, or the consequences of his pleas of guilty to said charges of forgery.

It has been held that where one accused of crime is incapable of understanding the nature of the charges against him because of his youthfulness, or unsoundness of mind, it is the court's duty whether requested or not, to appoint counsel to represent the accused as a necessary requisite of due process of law. Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139.

Trial courts in every case should be slow to accept pleas of guilty, unless by questioning of the accused, they feel certain that accused fully comprehends the nature of the charges against him and appreciates and understands the consequences of the entering of a plea of guilty.

Here the petitioner, Bostwick, was a stranger in Okmulgee. He was unknown to any of the public officials of that county. He was a clever forger and had succeeded in passing four checks without detection before he was arrested at the time he attempted to pass the fifth check. He had done the same thing in many other places, and had escaped without being arrested. There was nothing in his personal appearance, nor in his conversation with the officers, which led them to believe that he was of unsound mind, or did not fully know what he was doing.

Under the circumstances disclosed by this record, the district court of Okmulgee county was justified in accepting the pleas of guilty and pronouncing sentence.

The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.