### Ex parte HICKS.

No. A-11228. · Nov. 2, 1949.

(211 P. 2d 539.)

Charles W. Hicks, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., attorneys for defendant in error.

JONES, P. J.  This is an original action in habeas corpus wherein the petitioner seeks to secure his release from confinement in the State Penitentiary.  The record shows that the petitioner, on February 14, 1949, entered a plea of guilty in the superior court of Okmulgee county, to the charge of burglary in the second degree, and was sentenced to serve two years in the State Penitentiary.

The petitioner alleges that the judgment and sentence pronounced against him was void for the reason that at the time he was arraigned before the superior court, he was without counsel; that he was a person of unsound mind, and had spent the time between the years 1938 and 1946, as a mental patient at the Central State Hospital for Insane at Norman, Okla., which fact was well known to the county officials of Okmulgee county; that notwithstanding the fact, it was known to the officials that petitioner had been an inmate of the Veterans Hospital at Little Rock, Ark., in addition to the time that he served as a mental patient at the hospital at Norman for temporary mental sickness; that no sanity hearing was held for him in the superior court; no doctor was appointed to examine the petitioner, and no counsel was appointed to represent him; but the petitioner was permitted to enter a plea of guilty in flagrant violation of the statutes and Constitution of Oklahoma.

The proof of the petitioner supports his petition, and further shows that the sheriff of Okmulgee county stated in open court that at the time petitioner was arrested, "he appeared groggy as though under the influence of

dope, and was not reacting in a normal manner to questioning."

The superior judge testified that the petitioner was brought before him on February 14, 1949, at which time there also appeared the assistant county attorney; that the information was read to the accused, and he, the judge, fully advised the accused of all of his constitutional rights, after which the accused entered his plea of guilty, and was thereupon sentenced to serve the minimum term of two years imprisonment in the penitentiary; that the trial court was not advised by the defendant, or by the assistant county attorney, or by any other person of the fact that defendant had been an inmate of any asylum, nor did his actions before the court indicate in any manner that he was mentally deficient, or did not fully understand the nature of the proceedings against him.

With the exception of this affidavit of the trial judge, there is no proof on behalf of the respondent from the sheriff, county attorney, or assistant county attorney, to refute the sworn statement of the accused, that each of said officials fully knew of his having been an inmate in institutions for the insane.

We are quite sure from what the trial court stated, there was nothing said or done in his presence to call his attention to the fact that the petitioner was not a normal person.

However, the other officials who knew of the mental condition of the accused should have advised the court of said mental condition so that the court could have had a mental examination made, and could have appointed counsel for the accused before accepting his plea of guilty.

This case differs from the case of Ex parte Bostwick, 90 Okla. Cr. 133, 211 P. 2d 290, which arose in the same county. In the Bostwick case, Bostwick did not have the long history of insanity behind him which the petitioner has. Bostwick was a stranger and neither said nor did anything to put the officials on notice that he was mentally deficient, if, in fact, he was.

This case falls squarely within the rule adopted in Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18, 19, wherein in was held:

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law. * * *

"Whether one accused of crime has waived his right to assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. * * *

"A judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction. * * *

"Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss. * * *

"Habeas corpus is an available remedy to one who has, without having effectively waived his constitutional right to the assistance of counsel, been convicted and sentenced and to whom expiration of time has rendered relief by an application for a new trial or by appeal unavailable."

In the recent case of Ex parte Sisson, 90 Okla. Cr. 47, 210 P. 2d 185, 189, this court stated:

"Persons with mental ailments are in the same class as immature children without any knowledge of court proceedings. It has been held that where such individuals are charged with a crime, it is the court's duty, whether requested or not, to appoint counsel to represent the accused as a necessary requisite of due process of law."

It does not follow, in view of what has been said, that the petitioner is entitled to his unqualified discharge from the penitentiary. It is our conclusion that the sentence pronounced against the accused was void because of the failure of the court to appoint counsel to represent the accused before requiring him to plead to the information filed against him. However, the vacating of this judgment merely requires that the defendant be taken back to Okmulgee county where he will await trial on the charge of burglary there filed against him.

It is therefore ordered that the judgment and sentence pronounced against the defendant in Case No. 1603 in the superior court of Okmulgee county, and all other proceedings in said court in said cause subsequent to the filing of the information against the accused, be and the same are hereby vacated and set aside.

It is further ordered that the writ of habeas corpus be issued and the warden of the State Penitentiary at McAlester be and is hereby commanded forthwith to deliver into the custody of the sheriff of Okmulgee county, Okla., the petitioner, Charles W. Hicks.

It is further ordered that the sheriff of Okmulgee county, Okla., hold the said Charles W. Hicks, pending the disposition of the charge filed against him in Cause No. 1603 in the superior court of Okmulgee county, or

until he is otherwise discharged as provided by law in such cases.

BRETT and POWELL, JJ., concur.